UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLORIA KARAVAS and THOMAS KARAVAS | Civil Action No. 13-cv-3221 |
| Plaintiffs, | ECF CASE |
| -against- | Hon. Paul A. Englemayer, U.S.D.J |
| NCO FINANCIAL SYSTEMS, INC. | |
| Defendant. | |

## COMPLAINT AND JURY DEMAND

Gloria and Thomas Karavas, by and through their undersigned attorneys, Law Offices of Scott J. Goldstein, LLC, as and for her complaint against NCO Financial Systems, Inc., alleges and states as follows:

## VENUE AND JURISDICTIONAL PREREQUISITES

1. Jurisdiction is conferred upon this Court pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331, as the causes of action set forth hereinafter, arise under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*.

2. Venue is appropriate in this district pursuant to 28 U.S.C. §1391(b)(1) as the Defendant, NCO regularly transacts business in the Southern District of New York.

## PARTIES

3. Plaintiff Gloria Karavas is an individual resident of the state of New York, residing at 52 Spencer Place, Dolgeville, NY 13329.

4. Plaintiff Thomas Karavas is an individual resident of the state of New York, residing at 52 Spencer Place, Dolgeville, NY 13329.

5. Plaintiffs are "consumers" as defined by 15 U.S.C. §1692a(3).

6. Defendant, NCO Financial Systems, Inc. is a corporation formed and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 507 Prudential Road, Horsham, PA 19044.

7. Upon information and belief, the Defendant, NCO Financial Systems, Inc. (hereinafter "NCO") regularly transacts business in the Southern District of New York by the collection of debts from various individuals in this District.

8. NCO is a corporation engaged in the business of collecting consumer debts in the Southern District of New York and throughout the United States. The principal purpose of NCO's business is the collection of consumer debts using the mails and telephones, and it regularly attempts to collect consumer debts for other persons or entities. NCO is a "debt collector" as defined by 15 U.S.C. §1692a(6).

## FACTS COMMON TO ALL COUNTS

9. On or about October 6, 2011, NCO contacted Plaintiffs as the collector for Capital One Bank, N.A. with respect to an account ending 8184 (the "Account").

10. The balance of the Account at the time that NCO acquired same was $2,831.89

11. At the time of the initial contact, the Plaintiff had retained the law firm of Persels and Associates, LLC to negotiate her unsecured debt accounts.

12. On October 6, 2011 a settlement agreement (the "Settlement") was negotiated between Plaintiff, by and through her counsel at Persels & Associates, LLC, and NCO. Plaintiff

agreed to pay, and NCO, on behalf of Capital One agreed to accept total payments in the amount of $1,416.00, to be paid according to the following schedule:

a. $246.00 on or before October 15, 2011;
b. $104.00 per month from November 2011 to July 2012 by the 15th day of the month;
c. $234.00 on or before August 15, 2012.

13. Plaintiff, by and through Persels and Associates, LLC, paid NCO financial in accordance with the described settlement as follows:

| Check Date | Payment Amount | Date Cleared |
|---|---|---|
| October 12, 2011 | $246.00 | Cleared October 14, 2012 |
| November 2, 2011 | $104.00 | Cleared November 16, 2012 |
| December 1, 2011 | $104.00 | Cleared December 8, 2012 |
| January 3, 2012 | $104.00 | Cleared January 12, 2012 |
| February 2, 2012 | $104.00 | Cleared February 7, 2012 |
| March 2, 2012 | $104.00 | Cleared March 8, 2012 |
| April 2, 2012 | $104.00 | Cleared April 6, 2012 |
| May 3, 2012 | $104.00 | Cleared May 8, 2012 |
| June 1, 2012 | $104.00 | Cleared July 9, 2012 |

14. In July 9, 2012, the Debtor's attorneys and agents, Persels and Associates, LLC attempted to make a payment via "Check By Phone" in the amount of $104.00 in accordance with the terms of the Settlement (the "July Payment").

15. NCO rejected the July Payment and advised that the Account had been recalled by its client, Capital One on June 1, 2012.

16. On or about July 23, 2012, Carla McCrorey, an agent of Persels & Associates, LLC, contacted NCO Settlement and spoke with a representative by the name of Jeff, who informed Ms. McCrorey that Capital One had recalled the Account from their office.

17. Upon communication with Capital One by Persels and Associates, LLC, Capital One was unable to locate the Account.

18. Carla McCrory made phone calls to Capital One and NCO on July 25, 2012; July 27, 2012; August 6, 2012; and August 7, 2012 to attempt salvage the broken agreement.

19. On or about January 2013, further attempts were made to have NCO honor the original settlement, of which none were successful.

20. The failure of NCO to accept the July Payment and to properly arrange for Capital One to accept future payments in consummation of the Settlement caused Plaintiff to default on the Settlement.

## **FIRST COUNT**

UNFAIR AND DECEPTIVE PRACTICES
(15 U.S.C §1692f)

21. Plaintiffs repeat and reallege each of the foregoing paragraphs of this Complaint with the same force and effect as if set forth at length.

22. Defendant, NCO, by extending the Settlement Agreement to the Plaintiff, did unfairly and deceptively represent that the Plaintiff could resolve their obligation to Capital One by the payment of the described settlement amounts to NCO

23. By refusing to accept the July Payment, NCO unfairly caused Plaintiffs to default on the Settlement and remain obligated to Capital One for the sum of the Account less the payments made in the Settlement, causing the Plaintiffs to lose the benefit of their bargain.

24. Accordingly, the Plaintiffs have been damaged.

# SECOND COUNT
## FALSE AND MISLEADING REPRESENTATIONS
(15 U.S.C. §1692e)

25. Plaintiffs repeat and reallege each of the foregoing paragraphs of this Complaint with the same force and effect as if set forth at length.

26. Defendant, NCO, by extending the Settlement Agreement to the Plaintiff, did unfairly and deceptively represent that the Plaintiff could resolve their obligation to Capital One by the payment of the described settlement amounts to NCO.

27. The subsequent refusal of NCO to accept payments and thereby causing default indicates that NCO did not have the authority to accept and bind its principal to the settlement.

28. By reason of the foregoing, NCO has violated 15 USC §1692e by the making of a false or misleading representation.

29. Accordingly, the Plaintiff has been damaged.

# THIRD COUNT
## HARASSMENT OR ABUSE
(15 U.S.C. §1692d)

30. Plaintiffs repeat and reallege each of the foregoing paragraphs of this Complaint with the same force and effect as if set forth at length.

31. NCO's conduct with respect to the collection of the debt was intended to oppress, harass, and abuse the Plaintiff.

32. By reason of the foregoing, the Plaintiff has been damaged.

**WHEREFORE THE PLAINTIFFS**, Gloria and Thomas Karavas demand judgment as follows:

1) Declaring that the conduct engaged in by the Defendant, NCO is a violation of the Fair Debt Collection Practices Act.

2) Awarding statutory damages, compensatory damages and punitive damages.

3) The foregoing together with attorney fees, costs of court and disbursements.

4) Granting such additional and/or other relief as this honorable Court may deem just and appropriate.

Dated: May 2, 2013

                                  LAW OFFICES OF SCOTT J. GOLDSTEIN
                                  *Attorneys for Plaintiff*

                                By: /s/Scott J. Goldstein (SG1837)
                                    SCOTT J. GOLDSTEIN
                                    3175 Route 10 East, Suite 300C
                                    Denville, New Jersey 07834
                                    Tel: 973-453-2838
                                    Fax: 973-453-2869
                                    Email: sjg@sgoldsteinlaw.com